UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN KRONHOLM,<br>    Plaintiff<br>v.<br><br>ENT ASSOCIATES OF WESTERLY, LTD.<br>and DAVID S. CAMERON,<br>    Defendants | C.A. No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. Plaintiff, John Kronholm, is a citizen and resident of the State of Connecticut.

2. Defendant, ENT Associates of Westerly, Ltd., is a corporation organized and existing under the laws of the State of Rhode Island with its office and principal place of business in Westerly, Rhode Island.

3. David S. Cameron is a citizen and resident of the State of Rhode Island. At all times mentioned herein, said Defendant was engaged in the practice of medicine in Rhode Island and held himself out to be a specialist in the field of otolaryngology.

## JURISDICTION

4. Plaintiff brings his Complaint under Federal Diversity Jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

1

## COUNT I

### Negligence

5.     Plaintiff hereby incorporates Paragraphs 1 through 4 of the Complaint as if set forth fully and at length herein.

6.     At all times relevant hereto, Defendant Cameron was an employee and agent of Defendant ENT Associates of Westerly, Ltd. and was acting within the scope of that employment and agency.

7.     Beginning in November of 2016, and thereafter, Defendant Cameron undertook for good and valuable consideration to provide medical care and treatment to John Kronholm.

8.     Beginning in November of 2016, and thereafter, Defendant ENT Associates of Westerly, Ltd. undertook, for a good and valuable consideration, to provide medical care and treatment to John Kronholm.

9.     At all times mentioned herein, Defendant Cameron had a duty to John Kronholm to conform to the standard of care exercised by the average physician holding himself out as a specialist in otolaryngology.

10.    At all times mentioned herein, Defendant ENT Associates of Westerly, Ltd. had a duty to John Kronholm to conform to the standard of care exercised by medical practitioners in the specialty of otolarygology.

11.    Nevertheless, Defendant Cameron breached his duty in that he negligently provided medical care and treatment to John Kronholm.

12.    Nevertheless, Defendant ENT Associates of Westerly, Ltd. breached its duty in that it negligently provided medical care and treatment to John Kronholm.

13. As a direct and proximate result of the negligence of Defendant Cameron, John Kronholm has required additional surgeries, suffered mental and physical pain and scarring, lost earnings, and incurred medical and other expenses, all of which will continue into the future.

14. As a direct and proximate result of the negligence of Defendant ENT Associates of Westerly, Ltd., John Kronholm has required additional surgeries, suffered mental and physical pain and scarring, lost earnings, and incurred medical and other expenses, all of which will continue into the future.

WHEREFORE, Plaintiff John Kronholm demands judgment against Defendants David S. Cameron and ENT Associates of Westerly, Inc., and each of them, jointly and severally, for damages, plus interest and costs.

## COUNT II

### Informed consent

15. Plaintiff hereby incorporates Paragraphs 1 through 4 and 6 through 14 of the Complaint as if set forth fully and at length herein.

16. It then and there became the duty of Defendants Cameron and ENT Associates of Westerly, Inc., no emergency existing, to inform Plaintiff of the risks of harm attendant to the treatment and care they proposed to administer to and perform upon him so that he could give his informed consent to such treatment. It also then and there became the duty of said Defendants to obtain Plaintiff's informed consent before proceeding with said treatment.

17.     Plaintiff disputes that the injuries he suffered as a result of the care and treatment of the Defendants were within the risks of said care and treatment in the absence of negligence.  Assuming *arguendo*, however, that they were within the risk of said care and treatment, Defendants Cameron and ENT Associates of Westerly, Inc. disregarded their duty as aforesaid and failed to inform Plaintiff of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained his informed consent.

18.     If Defendants Cameron and ENT Associates of Westerly, Inc. had informed Plaintiff of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of him suffering those injuries which he suffered as a direct result of said Defendants' performance of the treatment and care in question, Plaintiff would have refused to consent to the performance of said treatment and care.

19.  By reason of the foregoing, John Kronholm has required additional surgeries, suffered mental and physical pain and scarring, lost earnings, and incurred medical and other expenses, all of which will continue into the future.

WHEREFORE, Plaintiff John Kronholm demands judgment against Defendants David S. Cameron and ENT Associates of Westerly, Inc., and each of them, jointly and severally, for damages, plus interest and costs.

Plaintiff
John Kronholm
By his Attorneys,

/s/ Stephen P. Sheehan
Stephen P. Sheehan, Esq. (#4030)
Wistow, Sheehan & Loveley, PC
61 Weybosset Street
Providence, RI  02903
(401) 831-2700
(401) 272-9752 (fax)
sps@wistbar.com

/s/ Max Wistow
Max Wistow, Esq. (#0330)
Wistow, Sheehan & Loveley, PC
61 Weybosset Street
Providence, RI  02903
(401) 831-2700
(401) 272-9752 (fax)
mwistow@wistbar.com

## **JURY DEMAND**

The Plaintiff hereby demands a jury trial.


/s/Stephen P. Sheehan
Stephen P. Sheehan, Esq.  #4030


Dated:        August 18, 2017